United States District Court
for the
Southern District of Florida

| Janet Ryan, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-24150-Civ-Scola |
| Carnival Corporation and others | ) |
| Defendants. | ) |

## Order Striking Complaint and Requiring Amended Complaint

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries sustained by Plaintiff Ryan when she slipped on an invisible wet substance on the Lido Deck on Defendant's ship. (ECF No. 1 at ¶ 19.)

The Plaintiff's complaint is a shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading.").

In the complaint, the Plaintiff asserts various theories of negligence in a single paragraph that contains 15 subparts. (ECF No. 1 at ¶ 40.) The Plaintiff alleges failure to supervise, failure to warn, negligent hiring, negligent maintenance, liability under Section 323 of the Restatement of Torts, and Section 324 of the Restatements of Torts. (*Id.*) These district theories of liability should not be lumped together in one count for negligence. This kind of drafting has been rejected by this Court and other district courts. *See Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Garcia v. Carnival Corp.*,

838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty").

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. Ryan may file an amended complaint by **October 28, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Ryan shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at *6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations.").

**Done and ordered**, in Chambers, in Miami, Florida on October 21, 2019.

Robert N. Scola, Jr.
United States District Judge